UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |
| Lynn L. Tavenner, Chapter 7 Trustee,<br><br>    Plaintiff<br><br>v.<br><br>Great Lakes Aviation, Limited,<br><br>    Defendant | Adv. Proc. No. 20-0___ |

**COMPRAINT FOR TURNOVER AND**
**RECOVERY OF AMOUNTS OWED**

Plaintiff, Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Bankruptcy Case**" and/or the "**Case**") hereby by and through her undersigned counsel,

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

    Paula S. Beran, Esq. (Va. Bar No. 34679)
    David N. Tabakin, Esq. (Va. Bar No. 82709)
    Tavenner & Beran, PLC
    20 North Eighth Street, Second Floor
    Richmond, Virginia 23219
    Telephone: (804) 783-8300
    Telecopy: (804) 783-0178
    Email:  pberan@tb-lawfirm.com
               dtabakin@tb-lawfirm.com

*Counsel to Lynn L. Tavenner, Chapter 7 Trustee*

for her Complaint (the "**Complaint**") against Great Lakes Aviation, Limited (the "**Defendant**"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this Complaint against Defendant to recover amounts due and owing from Defendant to the Estate, which amounts arise from the business relationship between the Debtor and Defendant.

## THE PARTIES

2. Prior to the Petition Date (as defined below), the Debtor operated as a law firm and its related business. The Debtor operated its business from several states including Virginia, which was the location of its principal place of business. The Trustee is the duly appointed Chapter 7 trustee of the Debtor's Estate, and the Trustee has the sole authority to pursue claims of the Estate.

3. Upon information and belief, Defendant is a corporation organized under the laws of the State of Iowa with a principal place of business of 1022 Airport Parkway, Cheyenne, Wyoming 82001. As part of the Debtor's on-going business activities, Defendant retained the Debtor to perform legal work on behalf of the Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. Resolution of this matter by this Court is essential to the administration of this Estate. The Plaintiff confirms its consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. This is a core proceeding under 28 U.S.C. § 157(b) including but not limited to § 157(b)(2)(A), (E) and (O).

6. Venue of this Chapter 7 Case and this adversary proceeding in this District and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

7. This Court has personal jurisdiction over all necessary parties pursuant to Rule 7004(f) of the Bankruptcy Rules

8. The statutory and legal predicates for the relief requested by the Complaint and 11 U.S.C. §§ 105, 541, and 542, and Bankruptcy Rule 7001.

## RELEVANT FACTS

**A.** **Case Background**

9. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

10. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

11. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as Trustee. Consistent with

her duties of Estate administration, and pursuant to this Court's authority, the Trustee maintained portions of the operations of the Debtor's business to collect the Debtor law firm's receivables.

12. Prior to the Conversion Date, on the Petition Date, the Debtor had filed its *Motion of LeClairRyan PLLC for Entry of Interim Orders Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief* (the "**Receivables Motion**"), ECF No. 8. Pursuant to the Receivables Motion, the Debtor requested authority to continue its relationship with On-Site Associates, LLC ("**On-Site**") to aid the Debtor in its collection of outstanding AR. Pursuant to the *Interim Order Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief and Scheduling a Final Hearing* (the "**Interim Receivables Motion Order**"), ECF No. 51, this Court granted the relief sought in the Receivables Motion on an interim basis. Following the Conversation Date and her appointment, the Trustee, after consultation with the Lender, requested certain modifications to the proposed final order at a hearing held on October 24, 2019. Thereafter this Court entered the *Final Order Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief* (with the Interim Receivables Motion Order, the "**AR Settlement Orders**"), ECF No. 95.

13. On February 11, 2020, the Trustee, through counsel, filed her *Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"). ECF No. 343. This Court subsequently approved the AR Procedures Motion and entered the *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise AR Actions* (the "**AR Procedures Order**"), ECF No. 386.

14. Pursuant to the authority granted her in §§ 105, 541, and 542 of the Bankruptcy Code as well as the AR Procedures Order and the AR Settlement Orders, the Trustee, through

counsel, brings this Complaint against Defendant in order to collect amounts due and owing from the Defendant to the Estate.

**B.     Business Relationship Between the Debtor and the Defendant**

15.    Prior to the Petition Date, the Debtor was a law firm providing legal services to clients. All such legal services concluded before the Conversion Date.

16.    Prior to the Petition Date, Defendant retained the Debtor to provide legal services to the Defendant. The Debtor has invoiced Defendant for the fees and costs associated with the legal services provided; however, Defendant has not yet paid all amounts due and owing. Specifically, Defendant is liable to the Debtor for a total of $33,230.62 (the "**Obligation**") but, as of the date hereof, has refused to pay the Obligation. A break-down of the Obligation is attached hereto as **Exhibit A**.

**C.     The Trustee's Demand for Payment**

17.    In November of 2019, the Trustee sent a letter to Defendant demanding that Defendant remit the total amount of the Obligation to the Trustee (the "**Demand Letter**").

18.    Defendant did not remit payment or provide a satisfactory explanation as to why the amounts are not due and owing.

19.    The Trustee believes, based on her review of the Debtor's books and records (which are now under her custody and control), that the Obligation is mature, due and owing to the Estate, and Defendant should immediately pay such amounts.

## COUNT I
## BREACH OF CONTRACT

20. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

21. Defendant and the Debtor entered into an agreement whereby the Debtor agreed to provide legal services to the Defendant in exchange for which the Defendant agreed to pay certain sums to the Debtor.

22. Despite the Debtor having provided the agreed upon legal services, the Defendant has failed to make payment to the Debtor for the amounts owed.

23. The Trustee made a demand for payment of the Obligation to Defendant; however, Defendant has failed or refused to pay.

24. The Estate has been damaged by the Defendant's refusal to pay for said legal services in an amount not less than the Obligation.

25. The Trustee, on behalf of the Estate, is entitled to judgment against the Defendant in an amount not less than the Obligation plus attorney's fees and costs associated with collection of the same.

## COUNT II
## TURNOVER OF PROPERTY OF
## THE ESTATE PURSUANT TO 11 U.S.C. § 542

26. The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

27. The Obligation is an obligation owed to the Debtor, which constitutes property of the Estate under § 541 of the Bankruptcy Code.

28. The Obligation has matured and is payable on demand.

29. The Trustee made a demand for payment of the Obligation to Defendant; however, Defendant has failed or refused to pay.

30. Defendant knew or should have known that the Obligation was property belonging to the Debtor and now, the Estate, but failed to turn over such amounts as required by § 542 of the Bankruptcy Code.

31. The Trustee is entitled to recover the full amount of the Obligation pursuant to § 542(b) of the Bankruptcy Code.

32. The Court may determine the contractual liability and require the Defendant to turn over the funds represented by the Obligation.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests and prays that the Court:

A. Award the Trustee, on behalf of the Estate, judgment against the Defendant in an amount not less than the Obligation plus attorneys' fees, costs, and interest associated with the same (the "**Judgment**");

B. Compel Defendant to turnover to the Trustee for the benefit of the Estate the Obligation as well as other amounts included in the Judgment; and

C. Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: July 23, 2020
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC

20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# EXHIBIT A

| Invoice | Bill Date | Total Billed | Pay Date | Total Paid | WO Date | Total WO | Total Balance |
|---|---|---|---|---|---|---|---|
| 794502 | 10/12/2017 | $4,293.00 | 8/14/2018 | $(4,293.00) | | | $- |
| 806041 | 12/11/2017 | $92,992.24 | 8/14/2018 | $(5,707.00) | 1/12/2019 | $(87,285.24) | $- |
| 808110 | 1/8/2018 | $31,840.40 | | | 1/12/2019 | $(31,840.40) | $- |
| 818380 | 2/21/2018 | $47,976.12 | | | 1/12/2019 | $(47,975.12) | $1.00 |
| 822982 | 3/27/2018 | $23,890.02 | | | | | $23,890.02 |
| 824385 | 4/5/2018 | $371.00 | | | | | $371.00 |
| 835498 | 6/6/2018 | $3,339.00 | | | | | $3,339.00 |
| 840365 | 7/10/2018 | $848.00 | | | | | $848.00 |
| 846925 | 8/13/2018 | $795.00 | | | | | $795.00 |
| 851790 | 9/14/2018 | $3,922.00 | | | | | $3,922.00 |
| 854790 | 10/8/2018 | $64.60 | | | | | $64.60 |
| | | | | | | | |
| **Grand Total** | | **$210,331.38** | | **$(10,000.00)** | | **$(167,100.76)** | **$33,230.62** |